Rivera. Morning, Honors. Devin McLaughlin, representing defendant appellate Jesus Rivera. It's our position that the indictment against Mr. Rivera only charged him with a penalty provision as opposed to a substantive federal offense and therefore his conviction must be vacated. Preliminarily, before I get to the merits of the argument, I just wanted to touch on the government's contention that this argument has been waived. We can waive a lot of things through a guilty plea by Mr. Rivera, but the one thing we can't waive is a challenge to the subject matter jurisdiction based on the facial invalidity of the indictment as established by the circuit. And Yousef, we may be right, we may be wrong, but we have not waived. Going to the merits, Your Honors, it's clear in this case that Mr. Rivera is only charged with a 924J offense, was not charged with a 924C offense. And it's our position, consistent with the case law that I've cited from the Tenth Circuit with the Battle decision and the Eighth Circuit, the Allen decision, that 924J is an aggravated penalty provision of 924C, and the law is pretty clear from my perspective that if all that it... 924J expressly incorporates 924C, and the indictment pleaded each of the elements of the crime reflected in those two statutes. What am I missing here? You are factually and legally correct, Your Honor, that 924J incorporates 24C. The indictment, if you read through it, has all the elements of 924C along with 924J, but the government made a purposeful decision not to charge with 924C and 924J. The question is, did they? I mean, Federal Rule of Criminal Procedure 7C2 says that neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information. So if 924J expressly incorporates 924C and the indictment pleaded each of the elements, how is your client prejudiced by the failure to say 924C in the indictment? A few things, Your Honor. One, my understanding of that rule, or at least the way that's typically applied, is that if there's an inadvertent omission, you go to the wrong statute or you transpose a number or something like that, then you're not going to be able to challenge effectively the indictment. Here, the government, and they didn't argue this in their brief, to their credit, they're not saying this was an oversight, this was an omission, this was their position that 924J is a ground to dismiss. The Rule 7, we can fix an inadvertent omission, et cetera, and the case law that's pretty consistent with that isn't this case. They're saying it's 924J, and J stands alone. The only case that either party has cited, Your Honor, that actually is on all fours is the Tenth Circuit decision in Hargrove. Everything else is in this context of, are we going to really say 924J is not a consecutive mandatory, like the defendant made the exact same challenge that Mr. Rivera ended up making, and the language in Hargrove supports the notion that 924J is an aggravated penalty provision, and if it does not describe a discrete crime, then it cannot, at least arguably, cannot be charged absent the 924C offense. So I don't think you get around it through Rule 7. I also don't think you get around it through a prejudice analysis, because subject  matter inquiry doesn't go to that underlying subject matter inquiry. Why doesn't every charge of 924J incorporate a charge of 924C? It's a person who, in the course of a violation of subsection C. Well, A, they didn't talk about 924C in the indictment, but I'm not saying that's going to go one way or another. Frankly, I've been struggling with that, because it's our position that they do need to charge them with both. I mean, I always see that. You charge them with 924C and you charge them with 924J. Here, the government, and if that had happened, I wouldn't be standing up in front of you making this argument. Can you violate J without violating C? No. No. But the same, if it's perceived as a penalty provision, the case laws out there, there's a Ninth Circuit decision of Alvarez, I think, and then the Western District decision that I cited, Your Honors, which had to do with 1326, which is an alien coming back in, and it's an aggravated situation if they had been deported previously, based on a . . . had previously been deported. And there, they're charged. You can't have a 1326 . . . I'll get the numbers wrong. Sorry. But you can't have the penalty without the underlying substantive offense. And so the answer that you can't have this offense without having proved that offense doesn't answer the jurisdictional issue, which is, if 924J is perceived to be solely a penalty provision, it's not enough to just charge that. So that's our position. I know it's the one I raised with you earlier, that if there was no statutory citation in this case, the allegations pleaded would plead 924C and J. They would plead the 924C elements plus the J aggravator, right? Right. And so in those circumstances, I don't see how the Court doesn't have jurisdiction. Your argument is, oh, no, Judge, I want C as well as J denominated in the indictment. And your failure to raise that suggests that everybody did understand that C was incorporated into J. And that's why there's . . . it's not that you are waiving subject matter jurisdiction. You're waiving the question of whether the charge is, you know, the scrivener has adequately identified the charge. But it's there. It's there. That's what the elements are pleaded. So I certainly invite Your Honor to inquire of the government whether . . . I mean, what does your client want here? What does your client want here? So he wants this vacated, and then what? My client, as is, I think, reasonable, is sitting on a 270-month sentence sitting there going, ah, my life is effectively over. I'll go back to trial. I mean, if I'm successful in this and I've got to go back to square one, I'll go to trial and figure out what ends up happening. In this case, probation recommended a 10-year sentence. He ended up with a 270-month sentence. He's 40-something years old. That's what he wants, and this argument, if it's accepted by the Court, is what he gets. Well, he's now made admissions. He's now made admissions. I mean, you've explained to him what his chances are at trial in light of that, right? Can I just ask about . . . He has an uphill battle to go. Apart from the elements being pled in the indictment, I was interested in the allocution, though, at the plea. And didn't he allocate to all the elements of 924C as well as J in his factual statements? So I have to tread a little bit carefully there, Your Honor, because he's gone ahead and filed his own briefs, and he certainly takes the position that he did not allocate to the death element in terms of not having knowledge of the gun beforehand, et cetera. And so I would actually defer to his arguments in terms of what he allocated to, and I don't want to be put in the position of arguing against him. But he did say, I was aware that the person that I was assisting in the robbery possessed a gun, that he later used that gun to murder the person being robbed. Right. And his position is that he didn't know the individual had the gun prior to him jumping out of the closet, and he didn't go ahead and mandate that it be used in a death that happened outside of his apartment. I have another question for you about your client's argument. He questions the Hobbs Act robbery being a crime of violence, and challenges his conviction on that ground. Since that wasn't raised below, we would review for plain error. And it looks to me as if his allocution admits that the robbery, I'm sorry, that the killing was committed not only in furtherance of a robbery, but in furtherance of a robbery that was part of a narcotics conspiracy. And since killing in furtherance of a narcotics crime is clearly covered by the Hobbs Act, can he satisfy the third or fourth elements of plain error here? Your Honor, he, I honestly don't know the answer in terms of going through the Rosemont analysis and whether that ends up changing the landscape sufficiently enough that his assertions that he had no prior knowledge of a gun suddenly appearing at the scene. That's separate. I'm now talking about the predicate crime. He doesn't think it should be robbery because he doesn't think that robbery is categorically a crime of violence. But his allocution specifically stated that he was part of a narcotics conspiracy and that it was part of that that he agreed to participate in the robbery. But in other words, he himself in his allocution established that this crime was all in furtherance of a narcotics conspiracy. And that would be enough, wouldn't it? So on plain error review, I don't see where he's prejudiced by any ruling that may eventually come down from the Supreme Court on the categorical violence of robbery. The difficulty I have, Your Honor, and I don't usually have to navigate this, where my clients filed a bunch of pro se issues. Obviously, I didn't file a brief on that issue. So you can infer from my not briefing that issue what I thought of that issue. All right. Thank you. I know you want to reserve time. Let's hear from the government. May it please the Court. My name is Sarah Krisoff. I represent the United States in this matter. I also represented the United States below. The judgment of conviction here should be affirmed. First, count one of the indictment, the 924J count, properly alleges a federal offense. Second, there was more than a sufficient factual basis for the defendant's plea to that count. And third, the defendant waived his right to appeal the below guideline sentence imposed in this case, 270 months imprisonment, in any event such a sentence was reasonable. Starting with the 924J issue, the government does contend that the defendant has waived any challenge to this count by pleading guilty. He was charged in a two-count indictment, charged count one, the 924J count, and count two, an 848E count. He pleaded guilty pursuant to a plea agreement to count one. By knowingly and voluntarily entering that guilty plea, the government submits that the defendant waived all non-jurisdictional defects in the prior proceeding, and that the narrow inquiry the court would do here to determine whether or not to move to the merits, is, there's a very narrow inquiry, as your honors know, and the indictment in this case, as your honors have pointed out, clearly states the elements of the 924C offense in the text of the indictment itself. And so because of that, because the defendant was clearly on notice of precisely the crime to which he pleaded guilty, like the defendant in Hargrove, the defendant doesn't get past the waiver issue here. But even if your honors were to review it on the merits, it does not withstand scrutiny. Count one cites only to, at the bottom of the count, to Title 18 United States Code Section 924J, but there is no question that 924J incorporates, in its entirety, 924C. That's clear from a plain reading of the statutory language. The court recognized this in its unpublished opinion in Young as the government put in its brief. Your Honor, I can't speak to the general policy of the office. I know in this case we believe that the citation there was complete and appropriate given the incorporation of 924C into the 924J. Sometimes there are certainly cases where the 924J is even charged separately as a separate offense. That would not be the case here in a murder that was many years old. So I know that sometimes is the case as well. Could I ask you about a question that Judge Raggi asked the opposing counsel about the predicate offense for 924C here, whether it's a crime of violence or a drug trafficking crime? Count one charges the Hobbs Act robbery as the 924C predicate crime, right? That's correct, Your Honor. The actual count, the indictment charges the predicate as a crime of violence, the Hobbs Act robbery. This came up in the plea proceeding because the plea agreement initially had drug trafficking crime, and the assistant United States attorney, when he got to that at the time of the plea, corrected it on the record and said there's a mistake here. It's not a drug trafficking crime. It's really a Hobbs Act robbery crime of violence, so we'd like to orally amend the plea agreement. And then when he was put to plea, it was to the crime of violence. And then I think the second count of the indictment was a drug conspiracy count, and that was dismissed after he was sentenced on the first count. So even though it's plain error review, can you comment on that, whether we can say we don't need to deal with the Hill issue here because there's enough in a plain error context to satisfy the other part of 924C for a drug trafficking offense, given the record in this case where, like I said, in the plea agreement and the plea proceeding, there was a correction made. How does that satisfy even plain error review is my question. Yes, Your Honor. I think a review of the plea transcript shows that the language of the plea agreement did say drug trafficking crime, and it was amended by hand at the proceeding to reflect, to track the language of the indictment. I think it is clear from the plea transcript, the defense counsel says immediately after that colloquy with the court on the plea, defense counsel says, well, actually, the elocution covers both Hobzek robbery and a drug crime as a predicate. And in fact, I believe that as a factual basis, the defendant's plea would have covered both of those. Where did the defense counsel say it doesn't matter or something like that? Do you have that offhand? Yeah. It's the bottom of appendix, page 24. The court asks, are you going to, in fact, amend the plea agreement? The government responds, I can write that in your honor. The court says, any objection, Mr. Ginsburg? Mr. Ginsburg replies, no, Your Honor. And as you'll see, the allocution will cover both aspects in any event. Do you think aspects means both crime of violence and drug trafficking crime? I do. And so while the indictment was written as having the crime of violence as the predicate, it could have been written as set forth in the factual elocution as either a crime of violence or a drug trafficking crime. If this had been an objection, that you could survive the attack, I was only asking counsel about the possibility of his client satisfying the third and fourth prongs of plain error review. Now, he says that he was part of a drug trafficking conspiracy, and then the robbery was committed, even the indictment alleges, in order to rob drugs or drug proceeds. Is that right? That's correct, Your Honor. So is it the government's position that we don't have to reach the crime of violence position? I think in your brief, you relied mostly on Hill, but the mandate hasn't issued in Hill. And so the question is whether we should hold and wait for this or whether on this record, we would say plain error is not satisfied. Just clarify the government's position for me. Your Honor, I think on this record, the plain error would not be satisfied because the defendant has not shown the substantial injustice that he would need to show. Because? Because of the factual underpinnings of the plea, which connect the 924C to both a drug trafficking crime and a Hobbs Act robbery. You have to take the Hobbs Act out of this altogether, I mean the robbery out of it altogether, on the theory that that would have to wait for Hill and whether the mandate issues there. But you're saying that you think the allocution is sufficient to admit that the murder was committed in connection with a drug trafficking crime? I do, Your Honor. It was a very extensive factual allocution by the defendant and a long factual recitation by the government to which the defendant did not object. So for the reasons I cited earlier, the government believes that the indictment itself is sufficient because it incorporates that 924C in its entirety. All of the elements of the 924C are set forth in the text of the statute. And the government thinks it's consistent with the court's opinions in looking at other statutes which are not identical, but can certainly be instructive here. The 924C offense must be factually proved or admitted, as it was here, but need not be charged separately nor specifically cited at the ends of the indictment. The government also contends that there was a sufficient factual basis for the defendant's plea. In this pro se brief, the defendant argues that his plea was factually insufficient to establish that he ate and abetted the 924C violation. The record shows otherwise, as I just mentioned about the allocution. It was a very extensive allocution before the magistrate judge and a very extensive factual recitation by both the government and the defendant. And finally, in terms of the sentence, the government submits that the appeal waiver governs in this case. Mr. Rivera's waiver was knowing and voluntary. There's nothing in the record to suggest otherwise. He waived his right to challenge any sentence of 405 months or less. The sentence imposed by Judge Wood was reasonable. The defendant does not suggest there is any procedural error here. And the government submits that the sentence imposed by Judge Wood was substantively reasonable. It's just in terms of the 270 months imposed, but he thinks that we should be looking at the 270 plus the 144 previously served because he views it all as part of the same criminal activity. What's your response to that? Your Honor, I believe that Judge Wood did take that into account. I think the extensive sentencing proceeding shows that she carefully considered how to factor in that prior sentence that the defendant had served, and she gave him a significant benefit for having served those 12 years for the underlying drug offense. Thank you. Mr. McLaughlin, you reserved some time. Thank you, Your Honor. Just briefly going back to the 24J and the incorporation argument, or the argument that this is not an issue because 924J incorporates 924C, I would point the Court to Hargrove, which is obviously the decision that is most favorable to us. In the indictment in Hargrove, there was a reference in the body to 924C, but the Tenth Circuit still viewed it as charging solely 924J. And then the case I was struggling to find the name of, but it's in my brief, the Western District case, U.S. v. Romero-Tamao, 40F sub 2nd, 142, again stands for the proposition, and that's had to do with the illegal alien reentry. If you just charge them with a penalty provision, 1326B2, it doesn't matter whether that incorporates A or people assume it incorporates A or people aren't prejudiced by the fact that it didn't mention A, it's still an invalid indictment. Thank you. That's my position. Thank you very much. Thank you, counsel.